# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **MARLO KATZ and MATTHEW DOUBLESTEIN**, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) No. 1:18-cv-02297 |
| Plaintiffs, | ) CLASS ACTION COMPLAINT |
| vs. | ) JURY TRIAL DEMANDED |
| **JUDICIAL CRISIS NETWORK,** | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiffs Marlo Katz and Matthew Doublestein, by counsel, individually and on behalf of all others similarly situated, bring this Complaint against Defendant, Judicial Crisis Network, for sending unsolicited text messages in violation of the Telephone Consumer Protection Act and in violation of the Indiana Truth in Caller ID Act and to recover statutory damages and other relief as may be appropriate under the circumstances for all those who received such text messages.

## NATURE OF THE ACTION

1. This case arises as a result of Defendant's mass transmission of unsolicited text messages to Plaintiffs and Class Members using an auto-dialer.

2. Defendant's transmission of these text messages is in direct violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which

prohibits any person from using an automatic telephone dialing system to send an unsolicited text message to a telephone number.

3. Defendant's transmission of these text messages is also in direct violation of the Indiana Truth in Caller ID Act, Ind. Code § 24-5-14.5 ("ITCIA"), which prohibits any person from transmitting misleading or inaccurate caller identification information to a subscriber.

## THE PARTIES

4. Plaintiff Marlo Katz is a citizen of Indiana and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff Matthew Doublestein is a citizen of Indiana and is a "person" as defined by 47 U.S.C. § 153(39).

6. The Defendant, the Judicial Crisis Network, Inc., is a Virginia corporation with its principal office in the District of Columbia, and is a "person" as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the TCPA, a federal statute.

8. Personal jurisdiction exists because a substantial portion of the wrongdoing alleged in this complaint took place in or was intentionally directed toward the State of Indiana, and Defendant has transacted business and made or performed contracts substantially connected with the State of Indiana.

9. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) because a significant and substantial portion of the events at issue took place in this district.

## FACTS

10. As of January 2018, 95% percent of adult Americans possessed a cellular/wireless device ("cell phone").[1] Cell phones are inherently mobile devices, and most people keep their cell phones with them at all times. Consequently, businesses, political campaigns, and other organizations often seek to reach a mass audience through cell phone communications. This includes the use of Short Message Service ("SMS") messages.

11. SMS messages, more commonly known as text messages, are a popular form of communication between individual cell phone users. SMS messages are transmitted to a cell phone using the device's assigned telephone number. Once the transmission is complete, the recipient's cell phone notifies the recipient that a message has been received. While person-to-person communication is most common, SMS messages can also be sent by automated systems.

12. When sending an SMS message, it is possible to alter the information that the recipient receives regarding the sender's identity. Caller ID "spoofing" is the practice of causing the telephone network to indicate to the receiver of a call or text message that the originator of the call or text is a person or organization other than the true originator.

---

[1] *Demographics of Mobile Device Ownership and Adoption in the United States*, PEW RESEARCH CTR. (Feb. 5, 2018), http://www.pewinternet.org/fact-sheet/mobile/.

13. Under the TCPA, it is unlawful to call or text a cell phone using an automatic telephone dialing system without the prior express consent of the recipient. 47 U.S.C. § 227(b)(1)(A); *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 18 FCC Rcd 14014, 14115, para. 165 (2003).

14. Under the ITCIA, it is unlawful to knowingly and with the intent to defraud or cause harm to another person or to wrongfully obtain anything of value, cause any caller identification service to transmit misleading or inaccurate caller identification information. Ind. Code § 24-5-14.5-9.

15. On or about July 10, 2018, the Judicial Crisis Network, using an automatic telephone dialing system, transmitted the following text message or similar text messages to Plaintiff Katz's cell phone number at XXX-XXX-4442, Plaintiff Doublestein's cell phone number at XXX-XXX-5526, and Class Members cell phone numbers:

> President Trump just nominated Judge Kavanaugh to be our next Supreme Court Justice! A conservative who will uphold the Constitution. Call Senator Donnelly at (202) 224-4814 and tell him to confirm Judge Cavanaugh! Learn more at http://confirmkavanaugh.com/. Paid for by Judicial Crisis Network.

16. The following image is a screenshot of that SMS message (the "Kavanaugh Text"):



17. Senator Donnelly's office did not send Plaintiffs or Class Members the text messages regarding Judge Kavanaugh. However, upon calling the number from which the text was received, Senator Donnelly's Washington D.C. office answered, creating the impression that the text message came from Senator Donnelly's office.

18. Plaintiffs and Class Members did not provide their phone numbers to the Judicial Crisis Network or consent to receiving text messages from the Judicial Crisis Network.

19. The Judicial Crisis Network sent the Kavanaugh Text or substantially the same text messages to Plaintiffs and Class Members using equipment that had

the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

20. The Judicial Crisis Network knowingly and with the intent to defraud or cause harm to another person or to wrongfully obtain anything of value, caused a caller identification service to transmit misleading or inaccurate caller identification information, namely a number that when dialed connected to Senator Donnelly's office, with the Kavanaugh Text to the Plaintiffs and Class Members.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs incorporate by reference the paragraphs set out above as if fully set forth herein.

22. Plaintiffs bring this action individually and as a class action on behalf of the following proposed class (the "Class"):

> All individuals to whom the Judicial Crisis Network ("Defendant") sent the "Kavanaugh Text" to the individuals' cell phone by use of an automatic dialing system without prior express consent to send those SMS messages.

23. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3).

24. The Class is so numerous that joinder of all members is impracticable.

25. There are numerous questions of law and fact common to Plaintiffs and Class Members, including the following:

   1) Whether Defendant violated the TCPA by sending unauthorized text messages to Plaintiffs and Class Members;

2) Whether Defendant sent the text messages in question using an automatic telephone dialing system;

3) Whether Plaintiffs and Class Members are entitled to statutory damages under the TCPA;

4) Whether Defendant's actions were knowing or willful and, if so, whether the Court should treble the statutory damages awarded to Plaintiffs and Class Members; and

5) Whether Defendant violated the ITCIA by sending text messages with misleading or inaccurate caller information; and

6) Whether Plaintiffs and Class Members are entitled to damages under the ITCIA.

26. Plaintiffs' claims are typical of the claims of the Class in that the representative Plaintiffs, like all Class Members, received the Kavanaugh Text from the Judicial Crisis Network using an automatic telephone dialing system without prior express consent and with misleading caller identification information.

27. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who is experienced in class-action and complex litigation. Plaintiffs have no interests that are adverse to, or in conflict with, other members of the Class.

28. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to

individual Class Members, which would establish incompatible standards of conduct for Judicial Crisis Network.

29. The questions of law and fact common to the Class Members predominate over any questions that may affect only individual members, particularly because the focus of the litigation will be on the Judicial Crisis Network's conduct.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Moreover, absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy.

## COUNT I- VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.

31. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

32. The TCPA and its implementing regulations provide that it shall be unlawful to call a wireless telephone number using any automatic telephone dialing system without the recipient's prior express consent. 47 U.S.C. § 227 (b)(1)(A)(iii).

33. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

34. The Judicial Crisis Network sent text messages to the wireless telephone numbers of Plaintiffs and Class Members using an automatic telephone dialing system without their prior express consent.

35. By sending the text messages to Plaintiffs and the Class, the Judicial Crisis Network violated, among other laws, 47 U.S.C. § 227(b)(1)(A)(iii).

36. As a result of the Judicial Crisis Network's violation of the TCPA, the Class Members, under section 227(b)(3)(B), are each entitled to a minimum of $500.00 in damages for each such violation of the TCPA, as well as such other relief as may be appropriate under the circumstances.

37. Should the Court determine that the Judicial Crisis Network's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other Class Members.

**COUNT II- VIOLATION OF THE INDIANA TRUTH IN CALLER ID ACT, Ind. Code §§ 24-5-14.5, ET SEQ.**

38. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

39. The ITCIA provides that it shall be unlawful to, "in connection with any telecommunications service or interconnected VOIP service, knowingly and with the intent to defraud or cause harm to another person or to wrongfully obtain anything of value, cause any caller identification service to transmit misleading or inaccurate caller identification information to a subscriber." Ind. Code § 24-5-14.5-9.

40. The Judicial Crisis Network sent these text messages through a telecommunications service or VOIP service.

41. The Judicial Crisis Network knowingly caused the caller identification service to connect Plaintiffs to Senator Donnelly's office, thereby transmitting misleading and inaccurate caller identification information to a subscriber.

42. Under the ITCIA, "any person who is aggrieved by a violation of this chapter may bring an action" if there was intentional wrongdoing. Ind. Code § 24-5-14.5-13(a); Ind. Code § 24-5-14.5-14.

43. The Judicial Crisis Network intentionally caused the transmission of misleading or inaccurate caller identification information to a subscriber.

44. By sending the text messages to Plaintiffs and the Class, the Judicial Crisis Network has violated Ind. Code § 24-5-14.5-9.

## **PRAYER FOR RELIEF**

Plaintiffs, individually and on behalf of the Class, request that the Court enter judgment against Defendant, as follows:

1. An order certifying this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3);

2. An award to Plaintiffs and the Class of actual, statutory, and treble damages;

3. An award of attorneys' fees, costs, and expenses;

4. All other relief provided under the TCPA and ITCIA; and

5.  Such other or further relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, by counsel, respectfully request a trial by jury on all issues so triable.

Dated: July 27, 2018							Respectfully submitted,

/s/Richard E. Shevitz
Irwin B. Levin, No. 8786-49
Richard E. Shevitz, No. 12007-49
Vess A. Miller, No. 26495-53
Lynn A. Toops, No. 26386-49A
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Fax: (317) 636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
vmiller@cohenandmalad.com
ltoops@cohenandmalad.com

*Counsel for Plaintiffs and the Class*