# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARLO KATZ, individually and on behalf of all others similarly situated, and <br> MATTHEW DOUBLESTEIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JUDICIAL CRISIS NETWORK, <br><br> Defendant. | Cause No. 1:18-cv-02297-TWP-MPB <br><br> CLASS ACTION COMPLAINT |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant, Judicial Crisis Network, by counsel, for its Answer to Plaintiffs' Class Action Complaint states as follows.

## NATURE OF THE ACTION[1]

1. This case arises as a result of Defendant's mass transmission of unsolicited text messages to Plaintiffs and Class Members using an auto-dialer.

**Answer:** Judicial Crisis Network denies the allegations contained in Paragraph 1

2. Defendant's transmission of these text messages is in direct violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which prohibits any person from using an automatic telephone dialing system to send an unsolicited text message to a telephone number.

**Answer:** Judicial Crisis admits that Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits the use of automatic telephone dialing systems to send unsolicited text

---

[1] The headings and titles contained within Plaintiffs' Class Action Complaint have been retained for ease of reference.  The Judicial Crisis Network does not Admit nor does it intend to Admit any allegation by including the headings and titles Plaintiffs utilized in their Complaint.

messages; however, Judicial Crisis Network denies that it used an automatic telephone dialing system to send unsolicited text messages and that it violated the TCPA.

3. Defendant's transmission of these text messages is also in direct violation of the Indiana Truth in Caller ID Act, Ind. Code § 24-5-14.5 ("ITCIA"), which prohibits any person from transmitting misleading or inaccurate caller identification information to a subscriber.

**Answer:** Judicial Crisis Network admits that Indiana Truth in Caller ID Act, Ind. Code § 24-5-14.5 ("ITCIA") prohibits the transmission of certain types of misleading or inaccurate caller identification information, but denies that it transmitted misleading or inaccurate caller identification information and that it violated the ITCIA.

## THE PARTIES

4. Plaintiff Marlo Katz is a citizen of Indiana and is a "person" as defined by 47 U.S.C. § 153(39).

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Plaintiff Matthew Doublestein is a citizen of Indiana and is a "person" as defined by U.S. C. § 153(39).

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. The Defendant, the Judicial Crisis Network, Inc., is a Virginia corporation with its principal office in the District of Columbia, and is a "person" as defined by 47 U.S.C. § 153(39).

**Answer:** Judicial Crisis Network admits the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the TCPA, a federal statute.

**Answer:** Judicial Crisis Network admits that this Court has jurisdiction to hear this matter.

8. Personal jurisdiction exists because a substantial portion of the wrongdoing alleged in this complaint took place in or was intentionally directed toward the State of Indiana, and Defendant has transacted business and made or performed contracts substantially connected with the State of Indiana.

**Answer:** Judicial Crisis Network admits that this Court has jurisdiction to hear this matter, but denies that it has violated the TCPA or the ITCIA.

9. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) because a significant and substantial portion of the events at issue took place in this district.

**Answer:** Judicial Crisis Network admits that venue is proper in this Court.

## FACTS

10. As of January 2018, 95% percent of adult Americans possessed a cellular/wireless device ("cell phone"). Cell phones are inherently mobile devices, and most people keep their cell phones with them at all times. Consequently, businesses, political campaigns, and other organizations often seek to reach a mass audience through cell phone communications. This includes the use of Short Message Service ("SMS") messages.

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. SMS messages, more commonly known as text messages, are a popular form of communication between individual cell phone users. SMS messages are transmitted to a cell phone using the device's assigned telephone number. Once the transmission is complete, the recipient's cell phone notifies the recipient that a message has been received. While person-to-person communication is most common, SMS messages can also be sent by automated systems.

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. When sending an SMS message, it is possible to alter the information that the recipient receives regarding the sender's identity. Caller ID "spoofing" is the practice of causing the telephone network to indicate to the receiver of a call or text message that the originator of the call or text is a person or organization other than the true originator. *Demographics of Mobile Device Ownership and Adoption in the United States,* PEW RESEARCH CTR. (Feb. 5, 2018), http://www.pewinternet.org/fact-sheet/mobilet.

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Under the TCPA, it is unlawful to call or text a cell phone using an automatic telephone dialing system without the prior express consent of the recipient. 47 U.S.C. § 227(b)(1)(A); *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling, 18 FCC Rcd 14014, 14115, para. 165 (2003).

**Answer:** Paragraph 13 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation contained within paragraph 13 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

14. Under the ITCIA, it is unlawful to knowingly and with the intent to defraud or cause harm to another person or to wrongfully obtain anything of value, cause any caller identification service to transmit misleading or inaccurate caller identification information. Ind. Code § 24-5-14.5-9.

**Answer:** Paragraph 14 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation contained within paragraph 14 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

15. On or about July 10, 2018, the Judicial Crisis Network, using an automatic telephone dialing system, transmitted the following text message or similar text messages to Plaintiff Katz's cell phone number at XXX-XXX-4442, Plaintiff Doublestein's cell phone number at XXX-XXX-5526, and Class Members cell phone numbers:

> President Trump just nominated Judge Kavanaugh to be our next Supreme Court Justice! A conservative who will uphold the Constitution. Call Senator Donnelly at (202) 224-4814 and tell him to confirm Judge Cavanaugh! Learn more at http://confirmkavanaugh.com/. Paid for by Judicial Crisis Network.

**Answer:** Judicial Crisis Network admits that it sent the text message quoted in paragraph 15 of Plaintiffs' Complaint, but denies that it violated the TCPA or ITCIA.

16. The following image is a screenshot of that SMS message (the "Kavanaugh Text"):

5



**Answer:**  Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Senator Donnelly's office did not send Plaintiffs or Class Members the text messages regarding Judge Kavanaugh. However, upon calling the number from which the text was received, Senator Donnelly's Washington D.C. office answered, creating the impression that the text message came from Senator Donnelly's office.

**Answer:**  Judicial Crisis Network admits that it sent the text message quoted in Plaintiffs' Complaint, but denies the remaining allegations in Paragraph 17.

18.     Plaintiffs and Class Members did not provide their phone numbers to the Judicial Crisis Network or consent to receiving text messages from the Judicial Crisis Network.

**Answer:**  Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     The Judicial Crisis Network sent the Kavanaugh Text or substantially the same text messages to Plaintiffs and Class Members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**Answer:**  Judicial Crisis Network denies the allegations in Paragraph 19.

6

20. The Judicial Crisis Network knowingly and with the intent to defraud or cause harm to another person or to wrongfully obtain anything of value, caused a caller identification service to transmit misleading or inaccurate caller identification information, namely a number that when dialed connected to Senator Donnelly's office, with the Kavanaugh Text to the Plaintiffs and Class Members.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 20.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs incorporate by reference the paragraphs set out above as if fully set forth herein.

**Answer:** Judicial Crisis Network incorporates by reference its Answers to Paragraph 1-20 as if fully set forth.

22. Plaintiffs bring this action individually and as a class action on behalf of the following proposed class (the "Class"): All individuals to whom the Judicial Crisis Network ("Defendant") sent the "Kavanaugh Text" to the individuals' cell phone by use of an automatic dialing system without prior express consent to send those SMS messages.

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3).

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 23.

24. The Class is so numerous that joinder of all members is impracticable.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 24.

25. There are numerous questions of law and fact common to Plaintiffs and Class Members, including the following:

1) Whether Defendant violated the TCPA by sending unauthorized text messages to Plaintiffs and Class Members;

2) Whether Defendant sent the text messages in question using an automatic telephone dialing system;

3) Whether Plaintiffs and Class Members are entitled to statutory damages under the TCPA;

4) Whether Defendant's actions were knowing or willful and, if so, whether the Court should treble the statutory damages awarded to Plaintiffs and Class Members; and

5) Whether Defendant violated the ITCIA by sending text messages with misleading or inaccurate caller information; and

6) Whether Plaintiffs and Class Members are entitled to damages under the ITCIA.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 25.

26. Plaintiffs' claims are typical of the claims of the Class in that the representative Plaintiffs, like all Class Members, received the Kavanaugh Text from the Judicial Crisis Network using an automatic telephone dialing system without prior express consent and with misleading caller identification information.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 26.

27. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who is experienced in class-action and complex litigation. Plaintiffs have no interests that are adverse to, or in conflict with, other members of the Class.

**Answer:** Judicial Crisis Network admits that the Plaintiffs have retained counsel experienced in class-action and complex litigation, but denies the remaining allegations in Paragraph 27.

28. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Judicial Crisis Network.

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. The questions of law and fact common to the Class Members predominate over any questions that may affect only individual members, particularly because the focus of the litigation will be on the Judicial Crisis Network's conduct.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 29.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Moreover, absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 30.

## COUNT I- VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.

31. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

**Answer:** Judicial Crisis Network incorporates by reference its Answers to Paragraph 1-30 as if fully set forth.

32. The TCPA and its implementing regulations provide that it shall be unlawful to call a wireless telephone number using any automatic telephone dialing system without the recipient's prior express consent. 47 U.S.C. § 227 (b)(1)(A)(iii).

**Answer:** Paragraph 32 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation contained within paragraph 32 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

33. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

**Answer:** Paragraph 33 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation contained within paragraph 33 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

34. The Judicial Crisis Network sent text messages to the wireless telephone numbers of Plaintiffs and Class Members using an automatic telephone dialing system without their prior express consent.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 34.

35. By sending the text messages to Plaintiffs and the Class, the Judicial Crisis Network violated, among other laws, 47 U.S.C. § 227(b)(1)(A)(iii).

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 35.

36. As a result of the Judicial Crisis Network's violation of the TCPA, the Class Members, under section 227(b)(3)(B), are each entitled to a minimum of $500.00 in damages for

each such violation of the TCPA, as well as such other relief as may be appropriate under the circumstances.

**Answer:** Judicial Crisis Network denies the allegations in Paragraph 36.

37. Should the Court determine that the Judicial Crisis Network's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other Class Members.

**Answer:** Paragraph 37 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation contained within paragraph 37 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

## COUNT II- VIOLATION OF THE INDIANA TRUTH IN CALLER ID ACT, Ind. Code §§ 24-5-14.5, ET SEQ.

38. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

**Answer:** Judicial Crisis Network incorporates by reference its Answers to Paragraph 1-37 as if fully set forth.

39. The ITCIA provides that it shall be unlawful to, "in connection with any telecommunications service or interconnected VOIP service, knowingly and with the intent to defraud or cause harm to another person or to wrongfully obtain anything of value, cause any caller identification service to transmit misleading or inaccurate caller identification information to a subscriber." Ind. Code § 24-5-14.5-9.

**Answer:** Paragraph 39 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation

contained within paragraph 39 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

40. The Judicial Crisis Network sent these text messages through a telecommunications service or VOIP service.

**Answer:** Judicial Crisis Network lacks knowledge or information sufficient to form a belief as to the through of the allegations in Paragraph 40.

41. The Judicial Crisis Network knowingly caused the caller identification service to connect Plaintiffs to Senator Donnelly's office, thereby transmitting misleading and inaccurate caller identification information to a subscriber.

**Answer:** Judicial Crisis Network denies the allegations in paragraph 41.

42. Under the ITCIA, "any person who is aggrieved by a violation of this chapter may bring an action" if there was intentional wrongdoing. Ind. Code § 24-514.5-13(a); Ind. Code § 24-5-14.5-14.

**Answer:** Paragraph 42 requests the Judicial Crisis Network to admit or deny questions of law and therefore no response to this paragraph is needed. To the extent that any allegation contained within paragraph 42 can be construed as being made against the Judicial Crisis Network, any such allegation is denied.

43. The Judicial Crisis Network intentionally caused the transmission of misleading or inaccurate caller identification information to a subscriber.

**Answer:** Judicial Crisis Network denies the allegations in paragraph 43.

44. By sending the text messages to Plaintiffs and the Class, the Judicial Crisis Network has violated Ind. Code § 24-5-14.5-9.

**Answer:** Judicial Crisis Network denies the allegations in paragraph 44.

Wherefore, Defendant, Judicial Crisis Network, by counsel, respectfully prays that Plaintiffs take nothing by way of their Complaint, that the proposed class not be certified, for its attorneys' fees and costs incurred in defending this action and for all other just and proper relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to pursue the alleged claims.

3. Plaintiffs' damages, if any, were caused, in whole or in part, by the actions and/or inactions of third parties and/or intervening causes over which Judicial Crisis Network has no control.

4. Plaintiffs failed to mitigate their damages, if any.

5. Plaintiffs have not been damaged.

6. Plaintiffs' claims are barred in whole or in part, by their prior express consent.

7. Plaintiffs' claims are preempted, in whole or in part, by federal laws and regulations.

8. Plaintiffs' claims are barred under the First Amendment of the United States Constitution and Article 1, Section 9 of the Indiana Constitution, because the message is constitutionally protected speech.

9. Plaintiffs' claims are barred by Ind. Code § 34-7-71-1 *et seq*., because the messages complained of were in furtherance of the exercise of the constitutional right of free speech in connection with a public issue or an issue of public interest.

10. Plaintiffs' claims for damages constitute an excessive fine and violates Judicial Crisis Network's due process rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

11. Plaintiffs' claims are not properly certifiable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

12. The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as:

> equipment which has the capacity—
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers. 47 U.S.C. § 227(a).

13. RoboCent Inc.'s telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

14. Because RoboCent Inc. did not use an "automatic telephone system dialing system" within the meaning of the TCPA, RoboCent Inc. did not violate the TCPA.

15. Plaintiffs' Complaint should be dismissed and Judicial Crisis Network should be awarded its fees and costs under Indiana's anti-SLAPP statute.

16. Plaintiffs' Complaint should be dismissed because it is a strategic lawsuit against public participation under Indiana law.

WHEREFORE, Defendant, Judicial Crisis Network, by counsel, respectfully prays that Plaintiffs take nothing by way of their Complaint, that the proposed class not be certified, for its attorneys' fees and costs incurred in defending this action and for all other just and proper relief.

        Respectfully submitted,

        FROST BROWN TODD LLC

        By: */s/Robert B. Thornburg*
            Thomas E. Wheeler, II, 13800-49
            Robert B. Thornburg, 19594-02

            Jason Brent Torchinsky
            Stephen Philip Roberts
            Holtzman Vogel Josefiak Torchinsky, PLLC
            45 North Hill Drive, Suite 100
            Warrenton, VA 20186

            Attorneys for Defendants Judicial Crisis Network

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of September, 2018, the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Irwin B. Levin
Lynn A. Toops
Richard E. Shevitz
Vess Allen Miller
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, IN  46204

*/s/Robert B. Thornburg*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN  46204
Phone: (317) 237-3800
Fax:    (317) 237-3900
twheeler@fbtlaw.com
rthornburg@fbtlaw.com

0139504.0664742  4810-8447-4227v1