**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MARLO KATZ and MATTHEW DOUBLESTEIN**, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>**JUDICIAL CRISIS NETWORK,**<br><br>            Defendant. | No. 1:18-cv-02297-TWP-MPB |

**CASE MANAGEMENT PLAN**

    **I.**    <u>**Parties and Representatives**</u>

            A.    Plaintiffs:    Marlo Katz and Matthew Doublestein

                    Defendant:    Judicial Crisis Network

            B.    Plaintiff's Counsel:

                    Irwin B. Levin, No. 8786-49
                    Richard E. Shevitz, No. 12007-49
                    Vess A. Miller, No. 26495-53
                    Lynn A. Toops, No. 26386-49A
                    COHEN & MALAD, LLP
                    One Indiana Square, Suite 1400
                    Indianapolis, IN 46204
                    Telephone: (317) 636-6481
                    Fax: (317) 636-2593
                    ilevin@cohenandmalad.com
                    rshevitz@cohenandmalad.com
                    vmiller@cohenandmalad.com
                    ltoops@cohenandmalad.com

Defendant's Counsel:

Jason Brent Torchinsky
Stephen Philip Roberts
Holtzman Vogel Josefiak Torchinsky, PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
Phone: 540.341.8808
Fax: 540.341.8809
jtorchinsky@hvjt.law
sroberts@hvjt.law

Thomas E. Wheeler, II, 13800-49
Robert B. Thornburg, 19594-02
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN  46204
Phone: (317) 237-3800
Fax: (317) 237-3900
twheeler@fbtlaw.com
rthornburg@fbtlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs' claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal law. Judicial Crisis Network ("JCN") disputes the merits of Plaintiffs' claims but does not disputethat jurisdiction is proper in this Court.

B. Plaintiff claims that JCN sent the following mass-text to Plaintiff's and thousands of other Hoosiers' cellular telephones, without their prior express consent, using an automated telephone dialing system, in violation the Telephone Consumer Protection Act, 47 U.S.C. § 227, which provides for statutory damages of no less than $500 per violation:

> President Trump just nominated Judge Kavanaugh to be our next Supreme Court Justice! A conservative who will uphold the Constitution. Call Senator Donnelly at (202) 224-4814 and tell him to confirm Judge Kavanaugh! Learn more at http://confirmkavanaugh.com. Paid for by Judicial Crisis Network.

2

        Plaintiff further claims that JCN violated the Indiana Truth in Caller ID Act ("ITCIA"), Ind. Code § 24-5-14.5-1, *et seq.*, by transmitting misleading or inaccurate caller identification information with this text, namely in causing the text to be sent from a number that rang through to Senator Donnelly's office when the text was not authorized or sent by Senator Donnelly.

C.    JCN contends that Plaintiffs' claims should be dismissed under Indiana's anti-SLAPP statute codified at Ind. Code § 34-7-7-1, *et seq.*, and that it should be awarded its attorneys' fees and costs incurred defending this action. In addition, the TCPA and the ITCIA have not been violated and are inapplicable for several reasons. First, all text messages JCN sent were sent from telephone numbers that were purchased and still owned by the vendor hired by JCN to send the text message. As a result, the messages sent were neither inaccurate nor did they contain misleading caller identification information. Second, the message about which Plaintiffs complain was not sent as a bulk text message. Rather, the message was sent manually by a person who entered the mobile number of each recipient of the message. Third, the message about which Plaintiffs' complain was not sent by an autodialer. Finally, Plaintiffs' claims should be dismissed because the message about which Plaintiffs complain is speech protected by the First Amendment of the United States Constitution and Article 1, Section 9 of the Indiana Constitution.

## III.    Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before October 17, 2018.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before September December 17, 2018.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before December 31, 2018.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before December 31, 2018.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before December 27, 2018. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before July 26, 2019. Defendant(s) shall

        disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before August 26, 2019; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before August 26, 2019.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before October 25, 2019.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before September 27, 2019.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>.  If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

        If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

>In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.     Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiffs anticipate seeking summary judgment on liability based on JCN's sending of the Kavanaugh Text to cellular telephone numbers using an automatic

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

> telephone dialing system without the prior express consent of the texted Class members.
>
> JCN anticipates filing a motion to dismiss under Indiana's anti-SLAPP statute. In addition, JCN contends that the TCPA and ITCIA are inapplicable and have not been violated. All text messages JCN sent were sent from telephone numbers that were purchased and still owned by the vendor hired by JCN to send the text message. As a result, the messages sent were neither inaccurate nor did they contain misleading caller identification information. Second, the message about which Plaintiffs complain was not sent as a bulk text message. Rather, the message was sent manually by a person who entered the mobile number of each recipient of the message. Third, the message about which Plaintiffs' complain was not sent by an autodialer. Hence, JCN anticipates seeking summary judgment on these claims. In addition, the text message about which Plaintiffs complain is speech protected by the First Amendment of the United States Constitution and Article 1, Section 9 of the Indiana Constitution. JCN anticipates seeking summary judgment on this ground as well. Finally, JCN contends that this action should not be certified as a class action. Thus, should JCN's motion to dismiss under Indiana's anti-SLAPP statute and its motions for summary judgment on Plaintiffs' TCPA and ITCIA claims and its motion for summary judgment invoking the protection of the United States and Indiana Constitutions be unsuccessful, it will thereafter oppose the certification of Plaintiffs' proposed class. For the sake of judicial economy, however, JCN believes it is best to present the legal arguments related to the viability of Plaintiff's claims before the court determines whether this action can be maintained as a class action as the resolution of the legal motions would be dispositive of the action.

B.  On or before June 3, 2019, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.  Select the track that best suits this case:

    _____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

    __X__ Track 2: Dispositive motions are expected and shall be filed by July 26, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by May 27, 2019; expert witness discovery and

discovery relating to damages shall be completed by October 25, 2019. All remaining discovery shall be completed by no later than November 27, 2019

\_\_\_\_\_ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in April 2019.**

VI. **Trial Date**

The parties request a trial date in January 2020. The trial is by jury and is anticipated to take 2 days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

A. Plaintiffs shall file any motion for class certification no later than December 3, 2018. Defendant shall file any response no later than January 2, 2019. Plaintiffs shall file any reply no later than February 1, 2019.

| | |
|---|---|
| s/Robert B. Thornburg (by permission<br>Jason Brent Torchinsky<br>Stephen Philip Roberts<br>Holtzman Vogel Josefiak Torchinsky, PLLC<br>45 North Hill Drive, Suite 100<br>Warrenton, VA 20186<br>Phone: 540.341.8808<br>Fax: 540.341.8809<br>jtorchinsky@hvjt.law<br>sroberts@hvjt.law<br><br>Thomas E. Wheeler, II, 13800-49<br>Robert B. Thornburg, 19594-02<br>FROST BROWN TODD LLC<br>201 North Illinois Street, Suite 1900<br>Indianapolis, IN 46204<br>Phone: (317) 237-3800<br>Fax: (317) 237-3900<br>twheeler@fbtlaw.com<br>rthornburg@fbtlaw.com | s/Vess A. Miller<br>Irwin B. Levin, No. 8786-49<br>Richard E. Shevitz, No. 12007-49<br>Vess A. Miller, No. 26495-53<br>Lynn A. Toops, No. 26386-49A<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: (317) 636-6481<br>Fax: (317) 636-2593<br>ilevin@cohenandmalad.com<br>rshevitz@cohenandmalad.com<br>vmiller@cohenandmalad.com<br>ltoops@cohenandmalad.com<br><br>*Counsel for Plaintiffs and the Class* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____    _____
Date                                                                               U. S. District Court
                                                                                          Southern District of Indiana

0139504.0664742   4829-7212-7604v1